# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROBERT THOMAS, et al., )
)
                 Plaintiffs, )   Case No. 2:06-cv-01641-LDG-PAL
)
vs. )   **ORDER**
)
MIRAGE, et al. )   (M/Compel - #113)
)
                 Defendants. )
_____)

      Before the court is defendants Cranberry Restaurant, LLC, and Dancing Monkey, LLC's Emergency Motion to Compel Limited Deposition Testimony from Steven Roberts and Request for Costs and Fees or in the alternative Motion for Leave to Renotice Roberts Deposition Outside of the Discovery Cut-Off (#113). The court has considered the motion, defendant Mirage Casino-Hotel ("Mirage") Notice of Joinder and Joinder (#114), plaintiff's Opposition (#121), and defendants' Reply (#126).

      The current motion is yet another of the parties' discovery disputes which they have been unable to resolve without court intervention. In a prior Order (#86), following a dispute resolution conference on August 30, 2007, the court allowed counsel for defendants thirty minutes each for further examination of plaintiff Roberts after counsel advised the court that counsel for plaintiff had examined Roberts for approximately two hours. A written order was entered following the dispute resolution conference and required the parties to review the transcripts of the prior deposition sessions and to certify that they had reviewed the prior transcripts to avoid asking questions previously posed to the witness. At the time of the dispute resolution conference, Roberts had already been deposed for more than twice the time deemed presumptively reasonable by Fed. R. Civ. P. 30(d).

/ / /

1       Defendants now seek to compel plaintiff Roberts to appear for a fifth day of his deposition to
2 answer questions regarding whether an application he made to be a bar host at the Jet Night Club
3 "resulted in an offer, and what was done with that offer." Counsel for plaintiff instructed the witness
4 not to answer the questions, asserting the questions were beyond the scope of the court's Order (#86)
5 limiting the scope of Roberts' continued deposition. Defendants seek costs and attorneys fees incurred
6 in bringing the motion, and costs and attorneys fees incurred for the continuation of Roberts'
7 deposition. In the alternative, counsel for Jet and Stack state they are "willing to forgo the examination
8 altogether if the Court finds it appropriate to impose an evidentiary sanction that: (1) Mr. Roberts was
9 offered a job on September 12, 2007; (2) Mr. Roberts rejected the job on September 13, 2007; and (3)
10 Mr. Robert rejected the job because he was never interested in a job at Jet or Stack in the first place."
11 (Motion, p. 11:5-9.)

12       Plaintiffs oppose the motion on the grounds defendants have already deposed plaintiff Roberts
13 for approximately sixteen hours over a period of four days on June 28, 2007, August 15, 2007,
14 August 30, 2007, and September 27, 2007. Counsel for plaintiff also argues that counsel for defendants
15 did not comply with this court's order requiring them to review the prior transcripts and certify they had
16 reviewed the transcripts to avoid asking duplicative questions, that many of the questions were
17 duplicative of questions previously asked, and exceeded the scope of what the court ordered following
18 the August 30, 2007 dispute resolution conference. Additionally, counsel for plaintiff indicates that
19 Roberts has served responses to requests for admissions, admitting that he filled out or completed an
20 application for employment as a bar host at Jet on June 27, 2007; that he was offered a position on
21 September 12, 2007; and that he did not accept the position as bar host at Jet by the September 13, 2007
22 deadline to do so. Roberts has also admitted in response to requests for admissions that if he was to
23 accept the bar host position at Jet by or before September 13, 2007, he would have had to quit or
24 terminate his position at the Mirage, and that as of September 13, 2007, he did not want to quit or
25 terminate his job at the Mirage to accept the offer of employment at Jet. Roberts' responses to requests
26 for admissions are attached as Exhibit "F" to plaintiffs' opposition.

27       The court finds the defendants have had more than ample opportunity to depose Mr. Roberts
28 and will, therefore, deny the motion to compel. The declaration of Darren Brenner supporting the

1  motion to compel avers that plaintiff Steven Roberts submitted an application to Jet on or about June
2  27, 2007, the day before he first appeared for deposition on June 28, 2007 and more than sixty days
3  before he was again deposed in a third session on August 30, 2007.  The defendants had completed
4  their examination of Roberts, and only asked for additional time to cross examine Roberts after counsel
5  for plaintiff elected to examine his own client.  The court allowed the defendants an additional thirty
6  minutes each in a continued fourth session of Mr. Roberts' deposition because counsel for defendants
7  represented that new matters were raised in plaintiff's examination for which defendants required cross
8  examination.  Defendants have been aware since June 27, 2007 that plaintiff submitted a written
9  application to Jet and had three occasions to fully and completely examine Roberts on that application.
10 It is undisputed that <u>after</u> Roberts was examined on the third occasion on August 30, 2007, Jet
11 interviewed him and offered him a job on September 12, 2007, and that Roberts turned down the job on
12 September 13, 2007.  Defendants have had more than an ample opportunity to conduct the discovery
13 they seek, and defendant Jet's decision to extend a job offer to Roberts after the third session of the
14 plaintiff's deposition does not, on this record, warrant a fifth session of Mr. Roberts' deposition.
15 Accordingly,

16    **IT IS ORDERED** defendants' Motion to Compel (#113) is DENIED.
17    Dated this 7th day of December, 2007.

19                                              _____
20                                              PEGGY A. LEEN
                                                UNITED STATES MAGISTRATE JUDGE